ALDEN S. SWAN, Appellant, v. GROVENER GOFF, Respondent.

*Reservation of the right or use of land "over which the waters may flow now or
hereafter" — cutting of ice therefrom by the grantee is a trespass — right of the
grantee to use the land when not overflowed.*

Under a deed reserving to the grantor "the right or use of the land adjoining the
pond over which the waters may flow now or hereafter," the grantor is entitled
to the possession of the lands conveyed, when overflowed by the pond, up to
high-water mark, and a person who, under authority from the grantee, cuts ice
from the pond, at a point where such lands are overflowed by the pond, is
guilty of trespass.

*Semble,* that when the water of the pond was low the grantee was entitled to the
use and possession of lands not then overflowed which were flooded when the
pond was high, but that such possession was not adverse to the grantor.

APPEAL by the plaintiff, Alden S. Swan, from a judgment of the
County Court of Sullivan county in favor of the defendant, entered
in the office of the clerk of the county of Sullivan on the 4th day of
August, 1896, upon the verdict of a jury, and also from an order
entered in said clerk's office on the 26th day of June, 1896, denying
the plaintiff's motion for a new trial made upon the minutes.

The action was originally begun in a Justice's Court, and the
justice having rendered judgment against the plaintiff, the latter
appealed to the County Court of Sullivan county and demanded a
new trial.

In the year 1857 Daniel T. Stevens, being the owner of a large
tract of land in the county of Sullivan, some of which was farming
or timber land, and the balance, consisting of about 600 acres, cov-
ered by the waters of Stevensville lake, formed by damming
Mongaup river which flows through said tract, conveyed by a deed
executed by himself and wife 49.7 acres on the south shore of the
lake to William G. Goff. A portion of the land thus conveyed ran
into and was covered by the waters of the lake. The deed con-
tained the reservation below set out. From the date of its execution
to the time of the trespass alleged in the complaint William G. Goff
or his wife, to whom he subsequently conveyed said premises,
remained in possession thereof, except as such possession was affected
by the reservation referred to; and during the said period the
grantor in said deed, and those who have succeeded to his title, have

been in enjoyment of the reserved right to overflow the land of the grantee.

In the year 1885 Daniel T. Stevens executed to one Morris D. Stevens a deed of the mill and water power and all lands covered by the waters of the lake, and the latter afterwards conveyed said premises to the plaintiff.

In January, 1896, the defendant, under authority of William G. Goff, took and carried away twenty-five tons of the ice which had formed on that portion of the waters of the lake overflowing the Goff premises. The defendant on the trial, referring to the place where the ice was cut, near a spring on said lot, testified that the summer before the alleged trespass, "The water was down low and we went in there and took out a quantity of hemlock logs; we got out a great deal of lumber for wood and burned it up and cleared it out. * * * If I remember correctly, we cut ice three or four rods from the shore and just about over this spring. When I first knew the pond that spring was not covered with water. It was a large spring and now when the pond is full the spring is completely covered. That spring has been covered probably fifteen years or more. Before that high water didn't overflow that spring."

It appears from the evidence that when the lake was full, the place from which defendant removed the ice was covered with the water thereof, and this condition had existed for fifteen years. When the lake was low the water receded from such place, and ever since the execution of the deed in 1857 the grantee, Goff, and his family had at such periods used the land at the spot in question for pasturing and other purposes.

The plaintiff brought this action of trespass to recover damages of the defendant for the taking of said ice. The defendant obtained a judgment in the court below and the plaintiff brings this appeal.

*Alpheus Potts,* for the appellant.

*W. L. Thornton,* for the respondent.

PUTNAM, J.:

The deed from Daniel T. Stevens and wife to William G. Goff, conveying the premises on which the defendant, under authority of

the grantee, cut the ice in question, contained the following reservation : " The first party forever reserving the right or use of the land adjoining the pond over which the waters may flow now or hereafter." Under this provision of said deed the title and right to the possession of the land embraced within its description was only vested in the grantee, subject to the reservation therein to the grantor — " the right or use of the land  *  *  *  over which the waters may flow now or hereafter."

The right of the grantee to the possession of such part of the premises conveyed as were then or might thereafter be overflowed by the waters of the lake, was subject to the superior right reserved to the grantor. That right evidently extended to the high-water line of the lake. The reservation not only necessarily gave to the grantor a perpetual right of flowage over the premises described in the deed up to the high-water line, but also reserved to him the right to the use of the land over which the waters did then or should thereafter flow — in other words, the possession of such land when covered by the waters of the lake.

Our attention has been called to several authorities which hold that a riparian owner vested with the title of land covered with the water of a pond of a lower proprietor, has a right to a reasonable use of the water of such pond flowing over his land, and also the right to cut the ice formed thereon, when it can be done without injury to the owner of the pond. (*Dodge* v. *Berry*, 26 Hun, 246 ; *De Baun* v. *Bean*, 29 id. 236 ; *Cummings* v. *Barrett*, 10 Cush. 186 ; *Hazleton* v. *Webster*, 20 App. Div. 177 ; *Bigelow* v. *Shaw*, 65 Mich. 341.) It will be observed, however, that in each of the authorities referred to it appeared that the right which the owner of the pond had to overflow the land of the riparian owner was for mill purposes only, and hence, a restricted right, those authorities determining that in such a case a privilege on the part of the riparian owner to the reasonable use of the water on his land, or to take the ice formed from such water, may exist when such privilege can be exercised without injury to the millowner below.

Ordinarily, when a riparian owner grants to a lower proprietor on a stream the right to flow his land for mill purposes, the possession of the land thus flowed remains in the riparian proprietor, and he

has the right, as held by the authorities above cited, to use the water flowing over his land, or the ice formed thereon, in any way that will not produce injury to the millowner. But in this case, as we have seen, under the peculiar clause contained in the deed of 1857 from Stevens to Goff, the grantor not only necessarily reserved to himself the right of flowing over the land conveyed, *but the right and use of the land itself, when and where overflowed by the* water of the lake — in other words, the possession of the land when and where overflowed. The authorities, therefore, above referred to, and those on which the learned counsel for the respondent rely, are not applicable to this case.

It is true that, under the provisions of the deed in question, the right of the parties to the possession of the land on the shore of the plaintiff's pond, was, so to speak, a fluctuating one. When the waters of the lake were low, and the place where the ice was cut not overflowed, we see no reason to doubt that the grantee, Goff, could lawfully use the same for pasturage or other purposes, as it appears that he has done ever since the conveyance to him in 1857. Such use and possession of the land when the waters of the lake were low, however, should not be deemed hostile or adverse to the superior right of the plaintiff and his predecessors in title when the lake was full to flow said land, and when thus overflowed, to have the use and possession thereof. In high water when the place in question was covered by and formed a part of the lake, by the express reservation in said deed, not only the lake, but the use of the land thereunder, was in the plaintiff or his predecessors in title. When the defendant cut the ice he took it from the plaintiff's premises, the latter by the terms of the conveyance having the use of the land over which the waters of said pond flowed.

There is a clear distinction between this case and those where the owner of a pond has a right to overflow the land of a riparian owner for milling purposes alone. Under the reservation contained in the deed from Stevens to Goff, the plaintiff, as successor to the title of the grantor, possessed the right to maintain the pond in question for any purpose. He could use it for boating or for skating purposes; as a fish or an ice pond. He was clearly entitled to the use of every part of it. We see no reason to doubt but that he could prevent others from access to its waters. He had a right to cut and sell the

ice formed at the place where the defendant took the ice in question. By the terms of the conveyance he was in possession of such place when the defendant took the ice, and of every other part of the lake.

Our conclusion is that the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed, new trial granted, costs to abide the event.